UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: 09-CV-22982-Altonaga-Brown

ANTHONY GREENWOOD, d/b/a
MCDONALDS,

    Plaintiff,
vs.

ARCH SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT II OF THE COMPLAINT

**COMES NOW,** the Plaintiff, ANTHONY GREENWOOD, d/b/a MCDONALDS ("MR. GREENWOOD") by and through his undersigned counsel, and hereby responds to Defendant's, ARCH SPECIALTY INSURANCE COMPANY ("ARCH SPECIALTY"), Motion to Dismiss Count II of the Complaint and, in support thereof, states as follows:

### I.    PREFACE

ARCH SPECIALTY argues that Count II (Declaratory Judgment cause of action) must be dismissed because "[i]f Plaintiff does not prevail on the contractual claim under Count I, either because the trier of fact determines Greenwood has been properly paid under the terms and conditions of that policy, or that Greenwood has breached the contract of insurance itself, Plaintiff's Count for declaratory relief will be moot" (refer to Exhibit "A," Defendant's Motion to Dismiss, page 6, ¶ 9); and that "Courts in Florida do not entertain declaratory judgment claims when the issues of coverage are dependent

on resolution of fact issues common to an underlying liability action…". (Refer to Exhibit "A," Defendant's Motion to Dismiss, page 6, ¶ 10).

ARCH SPECIALTY, however, is relying on outdated law that has been subsequently receded from by *Higgins v. State Farm Fire and Casualty Insurance Company*, 894 So.2d 5 (Fla. 2004). Accordingly, a Declaratory Judgment action is proper when issues of fact may be in dispute in regards to a first party property insurance policy claim.

## II.     LEGAL ARGUMENT AND DISCUSSION ANALYSIS

### A.     ARCH SPECIALTY'S Reliance on Out Dated Law

ARCH SPECIALTY asserts that "[w]here the only 'doubt' in a declaratory judgment action is a factual one, a declaratory judgment action is inappropriate" citing *Columbia Casualty Company v. Zimmerman,* 62 So.2d 338 (Fla. 1953). ARCH SPECIALTY failed to acknowledge that *Columbia Casualty* was overruled in 2004 by *Higgins.* The Florida Supreme Court receded from the holding of *Columbia Casualty,* which held that declaratory relief was not available prior to a tort action if factual issues remained. *Higgins* held that a declaratory action was a proper means of determining the insurer's duty to indemnify and it was in the trial court's discretion to allow a declaratory action prior to resolution of the underlying liability action.

In *Higgins*, the Florida Supreme Court expressly held that "declaratory judgment statutes authorize declaratory judgments in respect to insurance policy indemnity coverage and defense obligations in cases which it is necessary to resolve issues of fact in order to decide the declaratory judgment action . . . ." *Id.* at 29. As such, ARCH SPECIALTY'S assertion that "the declaratory judgment statute is not available to settle

factual issues bearing on liability under a contract which is clear and ambiguous which presents no need for construction," (refer to Exhibit "A", Defendant's Motion to Dismiss, page 8, ¶14) is contrary to Florida law.

As the *Higgins* court noted, the trial judge must weigh whether to proceed with the declaratory judgment decision, would such "promote settlement and avoid the problem of collusive actions between claimants and insureds in order to create coverage where coverage does not exist under the true facts."  *Id.* at 32.  As such, ¶34(A) through (J) of Count II:

> A. Did MR. GREENWOOD have a right to be able to demand appraisal under The Policy, and did ARCH SPECIALTY have a right to refuse the insured's appraisal demand?;
> B. Did ARCH SPECIALTY wrongfully refuse to tender insurance benefits to MR. GREENWOOD?;
> C. Did MR. GREENWOOD comply with all terms and conditions of The Policy so as to have a right to be able to demand appraisal?;
> D. Did MR. GREENWOOD comply with all terms and conditions of The Policy so as to receive owed insurance benefits?;
> E. that ARCH SPECIALTY knowingly, intentionally and/or voluntarily waived and/or relinquished any right it may have had to deny coverage for MR. GREENWOOD'S insurance claim as a result of any alleged failure to comply with The Policy's terms and conditions, including for example, but not limited to the following terms and conditions: failure to appear for EUO, failure to produce records and documents, failure to permit inspection, failure to mitigate, failure to cooperate, untimely notice, failure to comply with conditions before suit, etc.?;
> F. that ARCH SPECIALTY may not withhold undisputed insurance benefits to MR. GREENWOOD until MR. GREENWOOD executes a POL completed by ARCH SPECIALTY?;
> G. Whether ARCH APECIALTY had a contractual right to refuse to proceed with appraisal and/or designate its named appraiser after MR. GREENWOOD demanded appraisal pursuant to The Policy?;
> H. Whether ARCH SPECIALTY had a contractual right to place additional terms and conditions upon the insured prior to tendering payment and/or agreeing to proceed with appraisal?;
> I. Whether ARCH SPECIALTY had the contractual right to reject MR. GREENWOOD'S submission of its executed Sworn Statement in Proof of Loss?;  and
> J. Did ARCH SPECIALTY wrongfully refuse to timely tender insurance benefits to MR. GREENWOOD?;

are facts that either are undisputed, and/or are facts where this Court, after review of, may rule as a matter of law, given the facts and circumstances of the insurance claim,

on the issues outlined above in ¶34(A) through (J) of Count II.  Accordingly, if decided in either favor of the insured or insurance company, will most likely end the case, or at the very least, promote settlement earlier than potentially on the doorstep of trial.

### B. Liberally Construed

Florida Statutes §86.101, entitled "Construction of Law," specifically states that the Florida Declaratory Judgment chapter "is to be liberally administered and construed."

An insured, as such, may pursue a declaratory action which requires a determination of the existence or non existence of a fact.  *See, Higgins* 894 So.2d at 12 (refers to §86.101).  For example, an issue here is whether the building damages exceed fifty percent (50%) of the value of the building and exceeds fifty percent (50%) of the aggregate area of the building, requiring the building to be repaired in compliance with the current Florida building codes.  ARCH SPECIALTY disputes this fact.  The cost and additional time required to make the insured property (McDonald's Restaurant) code compliant would exceed the cost of demolition and complete rebuild.  MR. GREENWOOD asserts that these additional costs are Covered damages under the insurance policy provision entitled "Demolition and Increased Cost of Construction." This is an issue of law for the Court to determine as to whether these types of repairs performed here are covered.  Accordingly, it is MR. GREENWOOD'S position that there is no question that this Coverage is available under the interpretation in which the court may be able to make from review of the policy and facts. (See Composite Exhibit "B", April 29, 2009 correspondence from John Gunn to Alan Lyons; November 29, 2006,

4

correspondence from Al Gardner, Regional General Adjuster to Robert Marrero; and July 3, 2005, correspondence from Al Gardner to Robert Marrero).

### C. Breach of Contract Cause of Action

MR. GREENWOOD has filed a cause of action for Breach of Contract (Count I). In a Breach of Contract cause of action, the Plaintiff must prove: 1) existence of the contract; 2) a breach of the contract; 3) and damages resulting from the breach.  *See also*, *Mettler Inc. v. Ellen Tracy, Inc.*, 648 So.2d 253, 255 (Fla. 2nd DCA 1994) ("all the elements for breach of contract are sufficiently pled to state this cause of action; [plaintiff] alleged an offer, acceptance, consideration, a contract, breach of the contract and damages").

Accordingly, in reaching the conclusion as to whether ARCH SPECIALTY breached the insurance contract, this Court will be deciding issues of law.  The Court must first decide issues of law with regard to whether the Parties had contractual obligations due and owing performance under the insurance contract.  Such Court interpretation, as to defining the Parties' contractual obligations under the Policy, shall ultimately be decided by this Court initially, prior to the issue of whether ARCH SPECIALTY breached the insurance contract, to be heard before the jury for their ultimate and final determination.

### D. ARCH SPECIALTY Admits Coverage is Exclusively a Judicial Question

ARCH SPECIALTY specifically asserts that the increased costs to demolish and rebuild the insured property were caused by "business preferences and preferences of its franchiser," and its has asserted that "those costs are not covered under the terms and conditions of the policy."  (See Exhibit "C," Defendant's Answer and Affirmative

5

Defenses, page 5, Fourth Affirmative Defense).  ARCH SPECIALTY then asserts that since "the dispute between the parties is wholly dependent upon a coverage determination . . . ." (See Exhibit "C," Defendant's Answer and Affirmative Defenses, page 5, Fourth Affirmative Defense).  ARCH SPECIALTY asserts that the issue is "exclusively a judicial question." (See Exhibit "C," Defendant's Answer and Affirmative Defenses, page 6, Fourth Affirmative Defense).

Accordingly, by ARCH SPECIALTY'S own admission a declaratory judgment action would be necessary in respect to ARCH SPECIALTY'S insurance policy indemnity coverage obligations to MR. GREENWOOD as to whether the increased costs to demolish and rebuild the insured property are covered under the terms and conditions of the insurance policy – an "exclusively a judicial question" as stipulated by ARCH SPECIALTY.

### III.    CONCLUSION

Accordingly, for all of the reasons stated above, ARCH SPECIALTY'S Motion to Dismiss Count II (Declaratory Judgment action) must be denied.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 23, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: William R. Lewis, Esquire, and John V. Garaffa, Esquire, Butler Pappas Weihmuller Katz Craig LLP, 777 South Harbour Island Blvd., Suite 500, Tampa, FL 33602.

      **s/ DAVID J. PETTINATO, ESQUIRE**
      Florida Bar Number: 0062324
      MERLIN LAW GROUP, P.A.
      777 S. Harbour Island Blvd, Ste 950
      Tampa, Florida  33602
      Telephone:  (813) 229-1000
      Fax: (813) 229-3692
      Attorney for Plaintiff